IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DEREK EUGENE SLOAN,            )
TDCJ #1602993,                 )
        Plaintiff,            )
                              )   Civil No. 7:10-CV-163-O
v.                             )
                              )
BRIAN WALLS, *et al.*          )
        Defendants.           )

MEMORANDUM OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate currently confined in the Wallace Unit of the Texas Department of Criminal Justice in Colorado City, Texas. The Defendants are the Young County Sheriff and three Young County Jail employees. Plaintiff claims that he was denied medical care for a broken arm he suffered when he slipped and fell in the jail shower. Complaint ¶ V. He seeks injunctive relief and monetary damages. *Id.* ¶ VI.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or

judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993).

In an attempt to better understand the factual basis of Plaintiff's claim, a questionnaire was issued to him by the Court. Plaintiff filed his answers and, for purpose of the Court's review at this stage of litigation, the facts stated by Plaintiff in support of his complaint are presumed true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

Plaintiff alleges that, despite his repeated requests for an x-ray and for treatment for his broken arm, he was denied medical care. Complaint ¶ V. He claims that he suffered severe pain and could not lift or grip anything with his broken left arm. Plaintiff's Answer to the Court's Question No. 3. Plaintiff states that a nurse, Defendant Lorey White, came to his cell to look at his left arm. *Id.* at No. 10. White told Plaintiff that she believed his arm was just bruised and swollen, and that it was not broken. *Id.* She offered to give Plaintiff ibuprofen. *Id.*

Under the facts alleged by Plaintiff, the standard for deliberate indifference is not met. The gravamen of Plaintiff's medical care complaint is that Lorey White erred in her belief that his arm was not broken. Plaintiff seeks redress against the remaining Defendants for failing to respond to his grievances and other written requests for medical care. *Id.* at Nos. 7-9 and 13-18. Plaintiff's belief that the diagnosis made by Defendant White was erroneous amounts to a disagreement over the nature of the medical care provided rather than any denial thereof. Disagreements over medical care decisions are not actionable under the Civil Rights Act. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S.

307, 322-23 (1982). Plaintiff states that White went to his cell, examined his arm, expressed her belief that his arm was not broken, and offered him medication for pain and inflamation. Plaintiff concedes that his arm was never diagnosed as broken. Plaintiff's Answer to the Court's Question No. 1. Under the facts alleged by Plaintiff, he cannot prevail in a civil rights action.

To the extent, if any, that Plaintiff's medical care claims are grounded in negligence, his federal complaint is without merit. Allegations of negligence do not present a cognizable basis for relief under the Civil Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence is not actionable under § 1983); *Davidson v. Cannon*, 474 U.S. 344 (1986) (same).

To the extent, if any, that Plaintiff presents a claim of medical negligence, such a claim could be addressed under state substantive law. Therefore, the next issue in this case is whether this court has jurisdiction to entertain Plaintiff's claims under Texas state law.

"[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)). "[T]he District Court is vested with authority to inquire at any time whether the [ ] conditions [to the exercise of its jurisdiction] have been met." *Broussard v. U.S.*, 989 F.2d 171, 176 (5th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's complaint, it is apparent that he and Defendants are all citizens of Texas. *Complaint ¶ IV*. Because there is no diversity of citizenship, Plaintiff's medical care complaint, construed as a diversity action, must be dismissed for lack of jurisdiction.

For the foregoing reasons, it is ORDERED that Plaintiff's federal claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that Plaintiff's complaint, liberally construed as a diversity action raising state law claims, is DISMISSED without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

SO ORDERED this 25th day of April, 2013.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**